# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEANNA MCCREA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-601-SDD-EWD** |
| **RAPID LOGISTICS, LLC, ET AL.** | **LEAD CASE** |

**AND**

| | |
|---|---|
| **JANE MACLEOD AND HAROLD PARSONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-606-SDD-EWD** |
| **ELIODORO DELALUZ, JR., ET AL.** | |

**AND**

| | |
|---|---|
| **ROUND THE LAKES MOTOR EXPRESS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-836-SDD-EWD** |
| **RAPID LOGISTICS, LLC, ET AL.** | |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEANNA MCCREA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-601-SDD-EWD** |
| **RAPID LOGISTICS, LLC, ET AL.** | **LEAD CASE** |

AND

| | |
|---|---|
| **JANE MACLEOD AND HAROLD PARSONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-606-SDD-EWD** |
| **ELIODORO DELALUZ, JR., ET AL.** | |

AND

| | |
|---|---|
| **ROUND THE LAKES MOTOR EXPRESS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-836-SDD-EWD** |
| **RAPID LOGISTICS, LLC, ET AL.** | |

### REPORT AND RECOMMENDATION
### PERTAINING TO *JANE MACLEOD ET AL. v. ELIODORO DELALUZ, JR., ET AL.*
### <u>CIVIL ACTION NO. 20-606, ONLY</u>

Pending before the Court is the Second Motion for Leave to File Amending and Supplemental Complaint[1] (the "Motion"), filed by Plaintiffs Jane MacLeod and Harold Parsons. As the factors set forth in *Hensgens v. Deere & Co.*[2] weigh in favor of granting Plaintiffs' Motion for Leave to add Old Republic Insurance Company of Canada ("Old Republic") as a defendant, it

---

[1] R. Doc. 76. References to record filings without specification of the docket number are references to filings in the lead case, *i.e.*, No. 20-601. References to filings in the companion cases will be preceded by the applicable docket number, *i.e.*, No. 20-606 and No. 20-836.
[2] 833 F.2d 1179 (5th Cir. 1987).

is recommended[3] that the Motion be granted, joining Old Republic. If Old Republic is added as a defendant, it is further recommended that this matter be severed and remanded to Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a), because complete diversity is destroyed.

**I. BACKGROUND**

In May 2021, this case was consolidated with two other cases pending in this Court, No. 20-601 and No. 20-836, because the cases arise out of the same motor vehicle accident (the "Accident").[4] The background of this particular proceeding is discussed in the Court's prior Report and Recommendation, which resulted in denial of Plaintiffs' Motion to Remand,[5] and in a briefing Order,[6] and will not be reiterated here, except to the extent relevant to the Motion.

Plaintiffs filed this cause of action in state court following the tragic car Accident that resulted in the death of their brother, Ken Parsons ("Parsons"). Plaintiffs brought wrongful death and survival claims under Louisiana state law against the following original defendants: Eliodoro Delaluz ("Delaluz"), Rapid Leasing Trucking, LLC ("Rapid Leasing"), Leanna McCrea ("McCrea"), State Farm Mutual Automobile Insurance Company ("State Farm"), and United Wisconsin Insurance Company ("UWIC"). The Petition explains that a tractor-trailer driven by Delaluz first hit McCrea's vehicle before colliding with the tractor-trailer driven by Parsons, and owned by Parsons' employer, Round the Lakes Motor Express, Inc. ("Round the Lakes"). Both

---

[3] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding the joinder of Old Republic will determine whether this Court continues to have diversity jurisdiction over this matter, the motion is dispositive such that a report and recommendation, rather than a ruling, is being issued. *Roussell v. PBF Consultants, LLC,* No. 18-899, 2020 WL 5901118, at *1 (M.D. La. Sept. 18, 2020), *report and recommendation adopted sub nom., Roussell on behalf of S.C.R. v. PBF Consultants, LLC,* No. 18-899, 2020 WL 5900135 (M.D. La. Oct. 5, 2020), *citing Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).
[4] R. Doc. 29.
[5] No. 20-606, R. Docs. 15 & 17.
[6] *See, e.g.,* R. Doc. 74.

2

tractor-trailers burst into flames upon impact, resulting in the unfortunate deaths of both Parsons and Delaluz.[7] On September 11, 2020, UWIC timely removed this proceeding to this Court based on diversity jurisdiction.[8] Plaintiffs later dismissed their claims against State Farm and McCrea but added Bridgestone Americas Tire Operations, LLC ("BATO") as a defendant.[9]

Subject matter jurisdiction currently exists under 28 U.S.C. § 1332 as the amount in controversy is met,[10] and the current parties are completely diverse, *i.e.*, Plaintiffs are Canadian citizens;[11] Delaluz was a Texas citizen;[12] Rapid Leasing is a Texas citizen (by virtue of its two members, an individual domiciled in Texas and a Texas corporation with its principal place of business in Texas);[13] UWIC is a Wisconsin (place of incorporation and principal place of business) citizen;[14] and BATO is a citizen of Nevada (place of incorporation) and Tennessee (principal place of business).[15]

The instant Motion now seeks to add Old Republic as an additional defendant. Old Republic is the uninsured/underinsured ("UM/UIM") carrier of co-Plaintiff Round the Lakes, Parsons' employer.[16] Plaintiffs want to name Old Republic "in the event the liability insurance policies are unable to sufficiently compensate plaintiffs for their damages."[17] Notably, none of the current

---

[7] No. 20-606, R. Doc. 1-1, pp. 3-5 and No. 20-836, R. Doc. 1, p. 2.
[8] R. Doc. l.
[9] R. Doc. 68 and No. 20-606, R. Doc. 14.
[10] Plaintiffs initially sought remand on the basis that the amount in controversy was not met but remand was denied, as it was facially apparent at the time of removal that the amount in controversy likely exceeded $75,000, exclusive of interests and costs, in light of the detailed and gruesome injury allegations in the Petition and considering survival damages awarded under similar circumstances. No. 20-606, R. Docs. 15 & 17.
[11] No. 20-606, R. Doc. 14, ¶ 1.
[12] No. 20-606, R. Doc. 14, ¶ 2(a).
[13] No. 20-601, R. Doc. 43, ¶ 3 (identifying Thomas Tudor and Rapid Management, Inc. as members).
[14] No. 20-601, R. Doc. 43, ¶ 4 (identified as the commercial liability insurer for Rapid Logistics, LLC d/b/a Rapid Transport).
[15] No. 20-601, R. Doc. 54, ¶ 2(f) (BATO admitting its sole member is Bridgestone Americas, Inc.) and No. 20-601, R. Doc. 22, ¶ 2(c) (identifying the citizenship of Bridgestone Americas, Inc. as a Nevada corporation with its principal place of business in Tennessee).
[16] R. Doc. 76-3, ¶ 110 and *see* No. 20-836, R. Doc. 1, p. 2. Plaintiffs' First Motion for Leave to File Amending and Supplemental Complaint was denied without prejudice to re-urging because it failed to sufficiently identify the citizenship of Old Republic and because of other procedural deficiencies. *See,* R. Docs. 69, 74.
[17] R. Doc. 76, p. 2 and R. Doc. 76-3, ¶¶ 110-13.

3

parties oppose the joinder of Old Republic;[18] however, Old Republic is alleged to be a Canadian citizen, and therefore not diverse from Plaintiffs.[19]

On October 18, 2021, a telephone conference was held with the parties to discuss the fact that, as the UM/UIM carrier of Parsons' employer, Old Republic potentially faces liability in this case, and there is no indication that Plaintiffs seek to join Old Republic fraudulently or that the amendment would be futile. It was also discussed that the outcome of such joinder would destroy diversity of citizenship among the parties and result in a *sua sponte* recommendation for remand of this action. The parties did not dispute that remand would necessarily result from the addition of Old Republic.[20]

## II. LAW AND ANALYSIS

### A. The Addition of Old Republic Will Destroy Diversity Jurisdiction

Removal of this case was based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2),[21] which requires that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…(2) citizens of a State and citizens or subjects of a foreign state."[22] Plaintiffs are Canadian citizens, and currently, only United States citizens are named as Defendants, *i.e.*, Delaluz, UWIC, BATO, and Rapid Leasing. The addition of Old Republic would result in Canadian citizens on both sides, such that complete diversity is destroyed because "…subject matter jurisdiction [is] lacking under § 1332(a)(2) where there are foreign parties on each side of the dispute."[23]

In finding jurisdiction lacking, courts generally rely on two

---

[18] R. Doc. 76-1, p. 2.
[19] R. Doc. 76-3, ¶ 2(e).
[20] R. Doc. 80. Plaintiffs requested, and were granted, additional time to explore alternatives to the addition of Old Republic. Plaintiffs were instructed to file a motion to withdraw the instant Motion by October 29, 2021, or the Motion would be ruled in on due course. No motion to withdraw was filed.
[21] No. 20-606, R. Doc. 1, ¶ 10.
[22] 28 U.S.C. §1332(a)(2).
[23] *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 423 (6th Cir. 2008). *See also, Ed & Fred, Inc. v. Puritan Marine*

rationales. First, because '[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants,' the presence of U.S. citizens on only one side of the dispute does not preserve jurisdiction. *Faysound Ltd. v. United Coconut Chems., Inc.,* 878 F.2d 290, 294 (9th Cir. 1989) (internal quotation marks and citation omitted); *see also Extra Equipamentos E Exportacao Ltda. v. Case Corp.,* 361 F.3d 359, 361 (7th Cir. 2004) ('The diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides.'); *Universal Licensing Corp. v. Paola del Lungo S.p.A.,* 293 F.3d 579, 581 (2d Cir.2002) ('[D]iversity is lacking within the meaning of [§ 1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.'); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494, 499 (3d Cir.1997) ('[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole.').[24]

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[25] "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."[26] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[27] The removing party has the burden of proving federal diversity jurisdiction.[28] Remand is proper if at any time the court lacks subject matter jurisdiction.[29]

---

*Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975) (finding that diversity jurisdiction does not exist where an alien is suing a citizen of a state and another alien). While not relevant to this case, the result may be different if there are foreign parties on both sides, but also diverse United States citizens on both sides. *See, e.g., Hernandez Castellanos v. Bridgestone Corp.*, No. 02-38, 215 F.Supp.2d 862, 865-66 (S.D. Tex. July 9, 2002).

[24] *U.S. Motors.,* 551 F.3d at 423 and *Li Bin Chen v. Mitsubishi Heavy Industries America, Inc.,* No. 08-238, 2009 WL 540957, at *4 (S.D. Tex. Mar. 4, 2009).

[25] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[26] *Hensgens*, 833 F.2d at 1181.

[27] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[28] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[29] *See* 28 U.S.C. § 1447(c).

5

### B. Post-Removal Joinder of a Non-Diverse Defendant

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," and the Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally."[30] Moreover, when leave to amend is sought after the expiration of a scheduling order deadline, such as in this case, Fed. R Civ. P. 16 typically applies, which requires a showing of good cause before the more liberal Fed. R. Civ. P. 15(a) standard applies.[31] However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." If diversity is the only basis for the court's subject matter jurisdiction and a district court permits joinder of a nondiverse defendant, it must remand the case to the state court.[32]

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[33] When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[34] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors

---

[30] *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995).
[31] *See Elvir v. Trinity Marine Prod., Inc.,* No. 16-814, 327 F.R.D. 532, 543 (M.D. La. Aug. 30, 2018), *aff'd,* No. 16-814, 2018 WL 4628320 (M.D. La. Sept. 27, 2018) (citations omitted), and *see* No. 20-606, R. Doc. 60 (setting the amendment deadline of July 30, 2021).
[32] *Cobb v. Delta Exports, Inc*., 186 F.3d 675, 677 (5th Cir. 1999), *citing* 28 U.S.C. § 1447(e).
[33] *Hensgens,* 833 F.2d at 1182.
[34] *Id*.

6

bearing on the equities.[35] Applying these factors, the *Hensgens* court held that the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction.[36]

Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), it has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case.[37] In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable."[38] Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e).[39]

### C. Under The *Hensgens* Analysis, Plaintiffs Should Be Allowed to File an Amended Complaint Naming Old Republic

While no party objects to the joinder of Old Republic, an independent review of the *Hensgens* factors is appropriate and all factors weigh in favor of amendment. First, there is no evidence to suggest that the primary purpose of the amendment is to defeat diversity. There is no indication from the record or from any other party that Plaintiffs were aware of the identity of Old Republic prior to removal.[40] Furthermore, Plaintiffs have alleged a colorable UM/UIM claim against Old Republic in the event that the primary liability coverage is insufficient, and it is conceivable that the underlying coverage could be insufficient considering the nature of the injuries suffered by Parsons, *i.e.*, an open skull fracture with brain lacerations, smoke inhalation

---

[35] *Id*.
[36] *Id*.
[37] *See Cobb*, 186 F.3d at 677; *Tillman v. CSX Transport, Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).
[38] *Cobb*, 186 F.3d at 677.
[39] *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. June 20, 2007), *citing Cobb*, 186 F.3d at 680-81.
[40] "Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-82, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005).

7

while trapped inside a burning tractor-trailer, and ultimately burning to death.[41] Other cases involving UM/UIM carriers in similar scenarios have permitted amendment due to the possibility of the plaintiff's recovery against them.[42]

The second *Hensgens* factor considers Plaintiffs' diligence in seeking leave. Plaintiffs did not seek leave to amend immediately after removal, which tends to militate against a finding that the purpose of the amendment is to defeat diversity jurisdiction.[43] While the original Motion, filed about two months after the Scheduling Order amendment deadline of July 30, 2021[44] and about a year after removal and the filing of the Petition,[45] is somewhat dilatory, trial in this matter is not scheduled until May of 2023.[46] Additionally, other than Plaintiffs' voluntary dismissal of a few

---

[41] No. 20-606, R. Doc. 15, p. 5. "[C]ourts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Id*. (emphasis in original) (*citing* cases). *See also Valenti v. Coburn Supply Company*, No. 19-571, 2020 WL 4679544, at *2 (M.D. La. Jul. 28, 2020): "[A]s long as the plaintiff states a valid claim against the new defendant, the principal purpose is not to destroy diversity jurisdiction." *See also McIntosh v. Costco Wholesale Corporation*, No. 18-9825, 2019 WL 3306532, at *2 (E.D. La. July 23, 2019), *citing Herzog v. Johns Manville Products Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002).

[42] *See McLain v. Herrington,* No. 1:19-CV-00454, 2020 WL 1025527, at *12 (W.D. La. Jan. 24, 2020), *report and recommendation adopted sub nom., McLain v. Harrington,* No. 1:19-CV-00454, 2020 WL 1034377 (W.D. La. Mar. 2, 2020) (granting remand due to the joinder of a nondiverse UM/UIM carrier and holding: "…the Court cannot state that there is no reasonable basis to predict that McLain might be able to recover against Farm Bureau. Though Removing Defendants and Hallmark presented summary-judgment-type evidence of Farm Bureau's subrogation claim amounts, no summary-judgment-type evidence was presented and no undisputed facts were established regarding White's quantum of damages for the Court to determine the potential remaining coverage available to McLain. The severity and extent of White's injuries are unknown. Therefore, the Court cannot determine the potential remaining coverage available to McLain under the Hallmark excess policy. If McLain cannot recover sufficient recovery from Hallmark for any reason, McLain may proceed against Farm Bureau as her UM insurer. The Court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649. Therefore, Farm Bureau, a Louisiana citizen, is a properly joined party and this Court lacks subject matter jurisdiction.").

[43] *Gallegos v. Safeco Ins. Co. of Indiana,* No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (denying motion for leave to amend filed less than a month after removal and noting: "If a plaintiff moves to amend to add a nondiverse defendant shortly after removal, some courts view that as evidence of a purpose to defeat federal diversity jurisdiction. *Karr v. Brice Bldg. Co.,* No. 08–1984, 2009 WL 1458043, at *4 (E.D. La. May 22, 2009); *see also Mayes v. Rapoport,* 198 F.3d 457, 463 (4th Cir. 1999) (noting that a district court should be 'wary' that an amendment is proposed for the purpose of defeating federal jurisdiction when the plaintiff seeks to add a nondiverse defendant immediately after removal but before discovery has taken place)."

[44] The current Scheduling Order was entered three months prior to the instant Motion.

[45] No. 20-606, R. Doc. 1 (September 11, 2020 removal) and R. Doc. 1-1, p. 1 (September 1, 2020 Petition filing date).

[46] R. Doc. 60.

8

Defendants,[47] and a prior motion for leave to amend to name BATO,[48] no other significant activity had taken place in this case, or after consolidation,[49] when the Motion was filed.[50] Thus, any untimeliness in the filing of the Motion is outweighed by the lack of significant activity in this case to date and the lack of an opposition to the joinder of Old Republic.

The third *Hensgens* factor considers whether Plaintiffs will be prejudiced if leave to amend is denied. "Considerations of cost, judicial efficiency and potentially inconsistent results weigh in favor of not requiring [Plaintiff] to prosecute separate suits in two forums when both arise under the same set of facts."[51] Overall, this factor weighs in favor of amendment, but consideration of it is unique because of the procedural posture of this case. On the one hand, this proceeding encompasses three consolidated cases involving the same Accident, and therefore it would be more efficient for all three cases to be decided together. On the other hand, and considering just this proceeding, there is a possibility that Old Republic could be found liable for UM/UIM benefits to Plaintiffs, such that denying Plaintiffs the opportunity to name Old Republic would be prejudicial. As to this case, it will also be more efficient to determine the potential liability of all Defendants, which Plaintiffs have alleged share joint liability, in the one proceeding,[52] as opposed to Plaintiffs having to pursue Old Republic in a separate proceeding. Therefore, despite that amendment may

---

[47] R. Docs. 61, 68. Other Plaintiffs have also dismissed some Defendants. R. Docs. 16, 21, 44, 52.
[48] No. 20-606, R. Docs. 13-14. Other Plaintiffs have likewise sought leave to amend to name additional Defendants. R. Docs. 22, 36, 39, 42.
[49] *See Smith v. Robin America, Inc.,* No. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009): "Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred.' *Herzog v. Johns Manville Products Corp.,* No. Civ. A. 02–1110, 2002 U.S. Dist. LEXIS 22187, 2002 WL 31556352, at *2 (E.D. La. Nov.15, 2002) (citations omitted)." In this case, the Scheduling Order was entered when the Motion was filed but not much case activity has occurred.
[50] Prior to the instant Motion, co-Plaintiff Round the Lakes filed a motion to compel that did not involve Plaintiffs. R. Doc. 34. After the instant Motion was initially filed, Round the Lakes filed a summary judgment motion against Defendants Rapid Logistics, LLC and Rapid Leasing that is currently pending. R. Doc. 72.
[51] *Porter v. Times Group*, No. 16-121, 2016 WL 8257692, at * 6 (M.D. La. No. 4, 2016), *report and recommendation adopted*, 2017 WL 628296 (M.D. La. Feb. 15, 2107) (*citing Joseph*, 513 F. Supp. 2d at 670).
[52] R. Doc. 76-3, p. 25.

9

result in some inefficiencies and increased costs to the extent that these consolidated cases, involving the same Accident, will not be decided together, those potential inefficiencies are outweighed by the prejudice to Plaintiffs in this proceeding if Old Republic is not joined.

The final *Hensgens* factor considers "other equitable factors" in determining whether to grant Plaintiffs leave to amend. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and…would result in parallel state court proceedings, these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant."[53] When considering these factors, it does not appear that Defendants view joinder of Old Republic as a significant deprivation of their forum choice because no Defendant has objected to joinder. Further, there will be somewhat parallel state court proceedings whether joinder is permitted or not. If joinder is permitted, this entire case must be severed and remanded. If not, Plaintiffs would still be required to pursue Old Republic in state court while Plaintiffs' case against the other Defendants proceeded in this Court. Thus, equitable considerations also tip in favor of amendment.

Based on the four-factor analysis set forth in *Hensgens*, Plaintiffs should be granted leave to file a second amended complaint naming Old Republic, a non-diverse defendant. However, as the joinder of Old Republic destroys diversity, this case should be severed and remanded to state court for lack of subject matter jurisdiction as previously discussed with the parties.[54]

### III. RECOMMENDATION

**IT IS RECOMMENDED** that the Second Motion for Leave to File Amending and Supplemental Complaint,[55] filed by Plaintiffs Jane MacLeod and Harold Parsons, be **GRANTED,**

---

[53] *Gallegos*, 2009 WL 4730570 at *5 (*citing Smith,* 2009 WL 2485589 at *6); *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *6 (E.D. La. May 12, 2006)).
[54] *Cobb*, 186 F.3d at 677 and 28 U.S.C. § 1447(e).
[55] R. Doc. 76.

and that Old Republic Insurance Company of Canada be added as a Defendant in this matter.

**IT IS FURTHER RECOMMENDED** that this matter be **SEVERED** from Civil Action Nos. 20-601 and 20-836, and that this matter **ONLY** be **REMANDED** to the Twenty-First Judicial District Court for the Parish of Livingston for lack of subject matter jurisdiction, if the Motion for Leave is granted.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

11