UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEANNA MCCREA | |
| | CIVIL ACTION |
| VERSUS | |
| | 20-601-SDD-EWD |
| RAPID LOGISTICS, LLC, ET AL. | |

AND

| | |
|---|---|
| JANE MACLEOD AND HAROLD PARSONS | CIVIL ACTION |
| VERSUS | NO. 20-606-SDD-EWD |
| ELIODORO DELALUZ, JR., ET AL. | |

AND

| | |
|---|---|
| ROUND THE LAKES MOTOR EXPRESS, INC. | CIVIL ACTION |
| VERSUS | NO. 20-836-SDD-EWD |
| RAPID LOGISTICS, LLC., ET AL. | |

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Plaintiff, Round the Lakes Motor Express, Inc. ("Round the Lakes"). Defendants Rapid Logistics, LLC ("Rapid Logistics") and Rapid Leasing Trucking, LLC ("Rapid Leasing")(collectively, "Defendants") filed an *Opposition*[2] to the *Motion*, to which Round the Lakes filed a *Reply*.[3] For the reasons that follow, the Court finds that Plaintiff's *Motion*[4] shall be DENIED.

---

[1] Rec. Doc. No. 72.
[2] Rec. Doc. No. 100.
[3] Rec. Doc. No. 101.
[4] Rec. Doc. No. 72.

I.  **FACTUAL BACKGROUND**

This suit arises from a fatal collision between two tractor-trailers. The parties agree that on September 13, 2019, the tractor-trailer owned by Rapid Logistics, which was traveling eastbound on Interstate 12 near Livingston, Louisiana, "careened across the median into the westbound lane of traffic and collided with"[5] Round the Lakes' tractor-trailer.[6] The collision caused an explosion and a fire that killed both drivers. Round the Lakes initially sued Rapid Logistics in the District Court for the Southern District of Texas,[7] but the case was transferred here to the Middle District of Louisiana[8] and consolidated with other cases arising out of the same collision.[9] LeAnna McCrea, Plaintiff in one of the consolidated cases,[10] was driving another vehicle that became involved in the wreck.

In its *Complaint*, Round the Lakes alleges that the tractor-trailers collided because "a front tire on the Rapid Logistics vehicle had a 'blow out' which caused [it] to initially swerve to the right and then 'overcorrect' swerve [sic] into the inside lane of travel."[11] Round the Lakes alleges that Rapid Logistics is was negligent[12] because it "had a duty to ensure that its drivers and vehicles were reasonably safe"[13] and is also vicariously liable for alleged negligent acts of its driver.[14] Urging summary judgment, Round the Lakes argues that, based on the police report and the dashboard camera recording of the collision, "there exists no genuine issue of material fact on the issue of negligence . . .

---

[5] Rec. Doc. No. 100-1, p. 3, ¶ 9.
[6] Rec. Doc. No. 72-2, p. 2, ¶ 5.; Rec. Doc. No. 100-1, p. 2, ¶ 5; p. 3, ¶ 9.
[7] *See* Rec. Doc. No. 1 in 20-cv-836.
[8] Rec. Doc. No. 26 in 20-cv-836.
[9] Rec. Doc. No. 47 in 20-cv-836.
[10] Civil Action 20-601-SDD-EWD.
[11] Rec. Doc. No. 1, p. 3, ¶ 16.
[12] Because this matter is before the Court pursuant to its diversity jurisdiction, the Court applies Louisiana substantive law.
[13] *Id*. at p. 5.
[14] *Id*. at p. 6.

because it is clear. . .who caused this accident."[15] Specifically, Round the Lakes avers, Rapid Logistics and its driver caused the accident by "surging across the median," regardless of "whether a tire blowout was the root cause of the accident."[16] Defendants strongly disagree, arguing that the evidence reflects genuine issues of material fact related to the legal cause of the accident, any fault on behalf of other Plaintiffs, and whether the tractor-trailer's Bridgestone tire was unreasonably dangerous as a result of its composition or design, among other issues. These determinations, Defendants contend, are best left for a jury. Further, Defendants argue that granting summary judgment is improper because a judgment allocating fault solely to Rapid Logistics could come into conflict with a jury's findings of fault in the consolidated cases. After reviewing the competent summary judgment evidence, the briefs, the parties' submissions of *Undisputed Facts*, and the law, the Court finds that Round the Lakes has not carried its burden of demonstrating the absence of disputed material fact issues.

## II.    LAW AND ANALYSIS

### a. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[18] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's

---

[15] Rec. Doc. No. 72-1, p. 10.
[16] Rec. Doc. No. 72-1, p. 9.
[17] Fed. R. Civ. P. 56(a).
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

case."[19]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[20]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[21]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[22]  All reasonable factual inferences are drawn in favor of the nonmoving party.[23]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[24]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[25]

---

[19] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[20] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[21] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[22] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[23] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[24] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[25] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

b. Analysis

Round the Lakes contends that "there is no genuine issue of material fact as to how the damages occurred and who is responsible."[26] On the same page of its brief, however, Round the Lakes concedes that "it is unclear"[27] whether the accident was caused by the Rapid Logistics driver losing control of his vehicle or whether a tire blowout "was the root cause."[28]

Louisiana State Police Master Trooper Ryan Riley prepared a crash report after the collision, concluding that the Rapid Logistics tractor-trailer suffered a tire failure, then veered to the left, crossing the grassy median. According to Trooper Riley, the Round the Lakes tractor-trailer "braked and swerved to the right, but could not avoid the collision."[29] The Court reviewed the dashboard camera video from the Round the Lakes tractor-trailer and finds that it is consistent with Trooper Riley's account. Though the evidence does support Round the Lakes' contention that its driver could not avoid the collision, the evidence does not establish that the legal cause of the collision – be it driver error, tire failure, or some combination thereof – is undisputed.

Citing *Gautreaux v. W.W. Rowland Trucking Co., Inc.* for its statement that "a presumption of negligence arises when a defendant motorist leaves his own traffic lane and strikes another vehicle,"[30] Round the Lakes argues that because the evidence reflects that it is not at fault for the collision, the only reasonable conclusion is that Rapid

---

[26] Rec. Doc. No. 72-1, p. 8.
[27] *Id*.
[28] *Id*. at p. 9.
[29] Rec. Doc. No. 100-2, p. 15.
[30] 99-1002 (La. App. 5 Cir. 2/29/00), 757 So. 2d 87, 90, writ denied, 2000-0915 (La. 5/12/00), 761 So. 2d 1291

Logistics *is* at fault. The Court agrees with Rapid Logistics that *res ipsa loquitur* arguments of this type are applicable only in narrow circumstances not present here. Namely, when:

> 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the agency, instrumentality, or conditions that caused plaintiff's injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to defendant's breach of duty.[31]

The Court finds that a tire failure or "blow out" is not so unusual as to compel the application of *res ipsa loquitur*. Additionally, the Court finds that the evidence belies any notion that Rapid Logistics' driver had control, let alone exclusive control, over the conditions that caused injury. The dashboard camera video reflects that the events leading up to the collision took place in a matter of seconds and that the Rapid Logistics tractor-trailer was out of the driver's control. Round the Lakes acknowledges as much in its *List of Undisputed Facts*, where it alleges that the Rapid Logistics tractor-trailer was "uncontrollably moving" and that the driver "lost control" and "careened" into the Round the Lakes tractor-trailer.[32]

*Res ipsa loquitur* can only apply if "the circumstances are such that the only reasonable and fair conclusion is that the accident was due to defendant's breach of duty."[33] Round the Lakes has not carried its burden on this point; as it readily acknowledges in its brief, the root cause of the accident is "unclear." The police report indicates that the left front tire of the Rapid Logistics tractor-trailer failed, and that in the opinion of another driver involved in the wreck (Plaintiff LeAnna McCrea), the driver "over-

---

[31] Id. at 92.
[32] Rec. Doc. No. 72-2, p. 2-3.
[33] *Gautreaux*, 99-1002 (La. App. 5 Cir. 2/29/00), 757 So. 2d 87, 92, writ denied, 2000-0915 (La. 5/12/00), 761 So. 2d 1291.

corrected and swerved into the left lane."[34] Whether the tire failure was caused by negligent maintenance on the part of Rapid Logistics or by a design defect or other issue at the manufacturer level are issues that remain in dispute. Likewise, Round the Lakes does not demonstrate an undisputed version of events regarding how the maneuvers of the drivers in response to the tire failure – both the driver of the Rapid Logistics tractor-trailer and Plaintiff McCrea – potentially contributed to the collision. Therefore, Round the Lakes' *Motion for Summary Judgment* shall be DENIED.

### III.    CONCLUSION

**ACCORDINGLY**, Plaintiff's *Motion for Summary Judgment*[35] is hereby DENIED.

Signed in Baton Rouge, Louisiana the 3rd day of August, 2022.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[34] Rec. Doc. No. 100-2, p. 16.
[35] Rec. Doc. No. 72.